IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 MAR 21 A 10:00

Anthony Gee # 227493 )
Full name and prison number )
of plaintiff(s) )
)
v. )   CIVIL ACTION NO. 2:06CV262-WKW
)   (To be supplied by Clerk of
James H. DeLoach )   U.S. District Court)
Ricky Woods )
_____ )
_____ )
_____ )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

I. PREVIOUS LAWSUITS
   A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?  YES ( )  NO (✓)

   B. Have you begun other lawsuits in state or federal court relating to your imprisonment?  YES ( )  NO (✓)

   C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to this previous lawsuit:

         Plaintiff(s) N/a

         Defendant(s) N/a

      2. Court (if federal court, name the district; if state court, name the county) N/a

3. Docket number **N/a**

4. Name of judge to whom case was assigned **N/a**

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) **N/a**

6. Approximate date of filing lawsuit **N/a**

7. Approximate date of disposition **N/a**

II. PLACE OF PRESENT CONFINEMENT **Easterling Correctional Center**

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED **Draper Correctional Center**

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

**NAME**                                **ADDRESS**

1. James H. DeLoach   P.O. Box 1107 - Elmore, Al
2. Ricky Woods   P.O. Box 1107 - Elmore, Al
3.
4.
5.
6.

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED **On or about November 28, 2004**

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: **Please See Attachment**

2

**STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)**

Please See Attachment

**GROUND TWO:** Please See Attachment

**SUPPORTING FACTS:** Please See Attachment

**GROUND THREE:** Please See Attachment

**SUPPORTING FACTS:** Please See Attachment

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

_Please See Attachment_

_Anthony Gee_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _March 20 2006_.
(Date)

_Anthony Gee_
Signature of plaintiff(s)

4

## Preliminary Statement

This is a civil rights action filed by Anthony Gee # 227493, a state prisoner, for damages and for a declaratory judgment pursuant to 28 U.S.C. § 2201, under 42 U.S.C. § 1983, alleging a violation of his right to "reasonable safety" from inmate assault in violation of the Eighth (8th) Amendment to the United States Constitution.

## Jurisdiction

1. The court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

2. The court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

## Parties

Plaintiff

3. The Plaintiff Anthony Gee, was incarcerated at Draper Correctional Center (DCC) during the events described in this complaint.

Defendants

4. Defendant James H. DeLoach is the warden of Draper Correctional Center (DCC) and is responsible for the overall operation of Draper Correctional Center. Defendant Warden James H. DeLoach is sued in his individual and official capacities.

5. Defendant Ricky Woods is a correctional officer I (CO I) employed at Draper Correctional Center (DCC) and was the assigned rover in dormitory #5-up on the date the Plaintiff was stabbed, cut, and severely beaten. Defendant Correctional Officer I Ricky Woods is sued in his individual capacity.

6. Each Defendant have acted, and continue to act, under color of state law at all times relevant to this complaint.

## Statement Of The Case

7. On or about November 28, 2004, at approximately 8:30 p.m., as I Anthony Gee (hereinafter "Plaintiff") was standing at the rear of 5 Dormitory-Upstairs near the T.V. area, the Plaintiff was approached by eight (8) inmates and was severely beaten, kicked, stabbed and cut. As a result of the attack, the Plaintiff was seriously injured, was made sick and sore, and was forced to seek medical treatment at the prison's Health Care Unit (HCU) and was transported to the Elmore County Community Hospital for further medical attention. The Plaintiff's top lip was severely mangled, and Plaintiff received thirteen (13) metal staples (stitches) in his right shoulder as a result of being cut and stabbed. As a result of the attack and injuries sustained, the Plaintiff suffers with mental anguish and emotional distress.

8. At the time of the assault, there

was no security personnel (officer) stationed/posted inside the dormitory. The dormitory was severely overcrowded and completely lacked adequate supervision of the inmates housed therein, thus, as a result thereof, the Plaintiff was seriously injured. The defendant Correctional Officer I (COI) Ricky Woods was the assigned rover (security personnel) in 5 Dormitory - Upstairs on the date and time that the Plaintiff was assaulted. However, prior to the Plaintiff being assaulted Defendant Woods had abandoned his assigned post, 5 Dormitory - Upstairs, without being properly relieved, thereby, neglecting his duties of exercising reasonable or ordinary care to protect the Plaintiff from inmate assault; and disregarded a risk that was excessive or posed a substantial risk of serious harm.

Claims For Relief

9. The actions of Defendants DeLoach and Woods in failing to take reasonable

measures to protect the Plaintiff from assault by other inmates and their failure to act reasonably in response to such danger, when they knew of and disregarded an excessive risk to the Plaintiff's health and safety, constitute Deliberate Indifference in violation of the Eighth (8th) Amendment of the United States Constitution.

10. The actions of Defendant Woods in abandoning his assigned post, 5 Dormitory-Upstairs, without permission from proper authority or proper relief, thereby placing the Plaintiff in a dangerous situation, to-wit, an unsupervised overcrowded dormitory with violent and aggressive inmates, caused the Plaintiff to be seriously injured, to-wit, beaten, kicked, stabbed and cut in and about his body. The Plaintiff suffers physical, mental and emotional distress as a result of the attack. This rises to a level of cruel and unusual punishment in violation of the Eighth (8th) Amendment of the United States Constitution.

11. The Defendant Woods knew that 5 Dormitory - Upstairs was a modification dormitory designed to house rule-breaking, aggressive, and unruly inmates that required constant guard supervision in the dormitory, and knew or should have known that his actions or inactions in leaving his assigned post totally unsupervised would jeopardize the Plaintiff's health and safety. This constitutes "Deliberate Indifference" or "Reckless Disregard" to the Plaintiff's safety in violation of the Eighth (8th) Amendment of the United States Constitution.

12. The Defendant James H. DeLoach, as warden of Draper Correctional Center (DCC), failed to provide adequate security personnel in 5 Dormitory - Upstairs, and as a result thereof, the Plaintiff was seriously injured, to-wit, beaten, kicked, and stabbed and cut in and about his body. Defendant DeLoach knew or should have known that one (1) correctional officer along could not monitor a single dormitory housing two-hundred (200) or more

inmates - and knew that observation of the dormitory was aggravated by double bunk-beds, thereby, limiting guard coverage throughout the dormitory. Defendant DeLoach's failure to provide adequate staffing in 5 Dormitory - Upstairs, when he knew or should have known that such deficiencies in staffing could create a pervasive or constant risk of harm to inmates' health and safety, constitute Deliberate Indifference, and a failure to provide the Plaintiff the reasonable protection that the law requires. Defendant DeLoach's actions constitute a violation of the Plaintiff's right to be free from cruel and unusual punishment under the Eighth (8th) Amendment of the United States Constitution.

## State Claims - Negligence

13. The Defendants James H. DeLoach and Ricky Woods, respectively, negligently failed to exercise "reasonable" or "ordinary"

care to protect the Plaintiff from inmate assault, and as a result of these Defendants' negligence, the Plaintiff was seriously injured, to-wit, beaten, kicked, and stabbed and cut in and about his body. The Plaintiff will continue to suffer physical, mental, and emotional injuries as a result of the attack and injuries sustained.

14. The Defendants DeLoach and Woods, respectively had a duty under state law to "take reasonable precautions under the circumstances to preserve the Plaintiff's life, health and safety," and with adequate staffing in the dormitory and proper supervision by security personnel reasonably attent-

ive to their duties, the assault could have been prevented. These Defendants negligent acts subjected the Plaintiff to cruel and unusual punishment under the Eighth (8th) Amendment of the United States Constitution and violated substantive law of the State of Alabama.

## Relief Sought

WHEREFORE, Plaintiff requests that the court grant the following relief:

A. That the court retain jurisdiction of this matter;

B. Declare that the acts of the Defendants violated the Plaintiff's civil rights as secured by 42 U.S.C. § 1983;

C. Declare that the acts of the Defendants violated the substantive law of the State of Alabama;

D. Issue a Declaratory Judgment stating that the Defendants failure to provide reasonable safety to the Plaintiff from inmate assault violated the Plaintiff's rights under the Eighth (8th) Amendment of the United States Constitution and the substantive law of the State of Alabama;

E. Award to the Plaintiff compensatory damages in the amount of $100,000.00 jointly and severally against Defendants DeLoach and Woods for the physical and emotional injuries sustained as a result of the assault;

F. Award to the Plaintiff punitive damages in the amount of $20,000.00 each against Defendants DeLoach and Woods;

G. Award to the Plaintiff reasonable attorneys fees pursuant to 42 U.S.C. § 1988;

H. Award to the Plaintiff the costs of the proceedings;

I. Grant such other relief as it may appear that Plaintiff is entitled.

Respectfully submitted,

_Anthony Gee_
Anthony Gee # 227493
P.O. Box 10
Clio, Alabama 36017