IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTHONY GEE, #227493,                      )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )   CIVIL ACTION NO. 2:06-CV-262-WKW
                                           )                [WO]
                                           )
JAMES H. DELOACH, et al.,                  )
                                           )
        Defendants.                        )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action was filed by Anthony Gee ["Gee"], a state inmate, on

March 21, 2006.  Subsequently, and prior to the defendants filing their special report and

answer, the plaintiff filed a motion for voluntary dismissal in which he seeks dismissal of this

case without prejudice..

Upon consideration of the plaintiff's motion to dismiss, the court concludes that the

motion is due to be granted.  Furthermore, since the defendants have filed no response

addressing the claims raised in the complaint, the court discerns that this case should be

dismissed without prejudice.  *See* Rule 41(a)(1), *Federal Rules of Civil Procedure*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

plaintiff's motion to dismiss be granted and that this case be dismissed without prejudice.  It

is further

ORDERED that on or before May 9, 2006 the parties may file objections to the

Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of April, 2006.

　　　　　　　　　　　　/s/Charles S. Coody
　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE