IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY GEE, #227493 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) CASE NO.: 2:06-CV-262-WKW |
| | ) |
| JAMES H. DELOACH, et al. | ) |
| | ) |
| Defendants. | ) |

## **SPECIAL REPORT**

COMES NOW, the Defendant, **James DeLoach,** by and through Troy King, Attorney General for the State of Alabama, via undersigned counsel, and in accordance with this Honorable Court's Order of May 11, 2006, does hereby submit the following Special Report.

## **PARTIES**

1. The Plaintiff, Anthony Gee ("Mr. Gee"), is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated in the Easterling Correctional Facility in Clio, Alabama ("Easterling"). Mr. Gee was housed at Draper Correctional Facility in Elmore, Alabama ("Draper") when the alleged acts or omissions that gave rise to this matter occurred.

2. Plaintiff has named the following Defendants:

   a. James H. DeLoach, warden of Draper Correctional Facility.

b. Ricky Woods, Correctional Officer I, and is currently on military leave.

## **PLAINTIFF'S ALLEGATIONS AND DEMANDS**

Plaintiff seeks declaratory relief; compensatory damages in the amount of $120,000; $20,000 in punitive damages; attorney's fees and costs. Plaintiff alleges in his complaint that:

1. Warden DeLoach failed to take reasonable measures to protect the Plaintiff from assault by other inmates.

2. Warden DeLoach failed to act reasonably in response to learning that the Plaintiff was in danger.

3. Warden DeLoach's failures amounted to a violation of the Plaintiff's Eighth Amendment rights.

4. Warden DeLoach failed to provide adequate security in Dorm Five Upstairs.

5. Warden DeLoach knew or should have known that one correctional officer could not monitor a single dorm housing two-hundred inmates.

6. Warden DeLoach knew or should have known that bunk beds obstructed the prison guards' view of Dorm Five.

7. Warden DeLoach's failure to address the above alleged problems amounted to deliberate indifference to Mr. Gee's personal safety.

8. Warden DeLoach failed to use reasonable or ordinary care to protect Mr. Gee from assault.

9. Warden DeLoach's negligence caused Mr. Gee to be assaulted.

10. Warden DeLoach "had a duty under state law to 'take reasonable precautions under the circumstances to preserve the Plaintiff's life, health, and safety.'"

11. Warden DeLoach breached the above mentioned duty, thus violating Mr. Gee's Eighth Amendment rights.

## DEFENDANTS' EXHIBITS

1. Exhibit A – Relevant portions of Mr. Gee's medical records.
2. Exhibit B – Incident report with exhibits dated November 27, 2004.

## DEFENDANTS' RESPONSE

1. Plaintiff has failed to state a claim upon which relief may be granted.
2. Plaintiff's own negligence bars any recovery he may have arising out of state law claims.
3. Warden DeLoach, in his official capacity, is immune by virtue of sovereign immunity.
4. Warden DeLoach, in his individual capacity, is immune by virtue of qualified immunity.

5. Warden DeLoach cannot be held liable under 42 U.S.C. § 1983 under the theory of respondeat superior.

6. Warden DeLoach is immune by virtue of state agent immunity.

7. Defendants deny violating Plaintiff's constitutional rights.

8. Defendants request that this Honorable Court consider this report as a Motion for Summary Judgment at such time when this Honorable Court sees fit.

## STATEMENT OF FACTS AS THEY APPEAR ON THE INVESTIGATIVE REPORT

For purposes of this Special Report only, the Defendant will treat the facts alleged by the Plaintiff as true. However, the Defendant presents the following facts based on records commonly kept in the course of business at Draper.

On November 27, 2004 at approximately 8:35PM, Officer Woods observed Mr. Wee wrestling with another inmate, Trevoris Sumler, AIS# 232728, ("Inmate Sumler") in Cell #5. (Ex. B.) Officer Woods ordered the two inmates to stop wrestling, and they complied with his order. (Ex. B.) Minutes later, Officer Woods commanded Mr. Gee and Inmate Sumler to report to the shift office. (Ex. B.) Officer Woods reported the incident to Sergeant Miller ("Sgt. Miller"). (Ex. B.) Sgt. Miller verbally reprimanded both inmates and began filling out behavior citations. (Ex. B.)

Officer Woods ordered the two prisoners to return to the cell that they were wrestling in and told them to clean up the mess that was caused

4

by their wrestling. (Ex. B.) Minutes later, Officer Woods observed Mr. Gee fleeing the cell. (Ex. B.) Mr. Gee was holding his mouth and bleeding. (Ex. B.) Officer Woods used his radio to call for assistance. (Ex. B.) Several Officers responded to Officer Woods' call and the cell was locked down. (Ex. B.)

Mr. Gee was escorted back to the shift office where he told Sgt. Miller that another inmate, Raheem Fikes, AIS# 192170, ("Inmate Fikes") cut him in the mouth and on the shoulder with a razor blade. (Ex. B.) At approximately 8:46PM, Mr. Gee was escorted to Staton Healthcare Unit for medical treatment. (Ex. A & B.) At 9:00PM, Warden DeLoach was notified of the incident. (Ex. A & B.) At approximately 9:25PM, Mr. Gee was transported to Elmore Community Hospital where he received medical treatment for a three centimeter long cut on the lip and an eight centimeter long cut on his shoulder.[1] (Ex. A & B.) Sgt. Miller conducted an investigation and concluded that Inmate Fikes cut Mr. Gee. (Ex. B.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-

---

[1] Medical records indicate that Mr. Gee's lip was treated with a "dermabond" and his shoulder wound required staples. (Ex. A.)

5

movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Plaintiff's claims and the Defendant is entitled to judgment as a matter of law.

## ARGUMENT OF FACT AND LAW

**I.    Plaintiff's 42 U.S.C. § 1883 claims against Warden DeLoach fail because Warden DeLoach is immune from suit.**

A.   Warden DeLoach is immune from suit in his official capacity by virtue of sovereign immunity.

Plaintiff's claims against Warden DeLoach in his official capacity are due to be dismissed pursuant to the doctrine of sovereign immunity. Warden DeLoach is absolutely immune from liability. As the United States Supreme Court has stated:

> "There can be no doubt ... that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'"

Alabama v. Pugh, 438 U.S. 781, 782 (1978). There has been no consent or wavier of immunity in this case. Mr. Gee's claims fail because Warden DeLoach is absolutely immune from being sued in his official capacity.

B. Warden DeLoach in his individual capacity is immune from suit by virtue of qualified immunity.

Warden DeLoach is entitled to qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts or omissions of Warden DeLoach consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the Defendant is protected by qualified immunity. Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Wilson, 163 F.3d at 1295.

Warden DeLoach cannot be held liable for the actions of all prisoners resulting in tort. Warden DeLoach has a duty to protect prisoners from attack by other inmates, but not every injury to a prisoner caused by another inmate is a constitutional violation. Clark v. Johnson, 2000 WL 1568337, *10 (11th Cir. Ala.). Mr. Gee must show that Warden DeLoach was deliberately indifferent to a substantial risk of serious harm to Plaintiff. Id. In order to survive summary judgment on his U.S.C. § 1983 claim Plaintiff must show evidence of:

1. a substantial risk of serious harm;
2. Warden DeLoach was deliberately indifferent to that risk; and
3. causation.

Id. at 11.

Plaintiff's claim against Warden DeLoach fails because a substantial risk of serious harm did not exist at the time of the attack. On the night of the incident, Mr. Gee and Inmate Sumler were disciplined for wrestling in their cell. (Ex. B.)  After verbal reprimand, each inmate was sent back to the cell with instructions to clean up. (Ex. A.) While Mr. Gee was cleaning the cell, he was cut by Inmate Fikes. (Ex. B.) Plaintiff does not allege in his Complaint that he told anyone or that anyone should have known that since he was wrestling with Mr. Sumler, he was in danger of being attacked by Mr. Fikes. (Ex. B.)  Interestingly, Plaintiff did not know why Inmate Fikes attacked him. (Ex. B.) Warden DeLoach was not

8

aware that Plaintiff was in danger, and did not know of the incident until 9:00PM November 27, 2004. (Ex. B.) Therefore, knowledge of a substantial risk of harm that Mr. Fikes would attack Mr. Gee did not exist. Without the knowledge of substantial risk of serious harm, Warden DeLoach cannot be liable.[2]

Plaintiff's claims against Warden DeLoach for failure to train or supervise the guards on duty at the time of the incident are likewise without merit. Section 1983 claims against supervisors fail when predicated on the acts or omissions of employees.

> "In order to state a § 1983 claim against a supervisor for failure to supervise, a plaintiff 'must present some evidence that the [defendant] knew of a need to train and/or supervise in a particular area and the defendant made a deliberate choice not to take any action,' that this failure to train and/or supervise constitutes a custom or policy, and that the failure to train and/or supervise was the moving force behind the deprivation of a constitutional right. In other words, a supervisory official can only have liability imposed if he was personally involved in a constitutional deprivation or if his custom or policy caused the constitutional deprivation."

Clark v. Johnson, 2000 WL 1568337, *17 (11th Cir. Ala.) (citations omitted). As stated above, Mr. Gee did not know why Mr. Fikes attacked him. Likewise, Mr. Gee does not allege that Warden DeLoach knew of the attack and, deliberately "failed to provide adequate security personnel in

---

[2] This same analysis can be applied to the facts presented by Mr. Gee because he fails to assert any substantial risk of harm other than being incarcerated with dangerous inmates in Cell 5 Upstairs. (Doc. #1, ¶11.)

9

dorm Five (5)," as Mr. Gee alleges in his Complaint. Therefore, Plaintiff's claims fail.

## II. Plaintiff's state law claims against Warden DeLoach fail because Warden DeLoach is immune from suit.

Mr. Gee's bare allegations that Warden DeLoach breached a "duty under state law to 'take reasonable precautions under the circumstances to preserve the Plaintiff's life, health and safety,' and with adequate staffing in the dormitory and proper supervision by security personnel reasonably attentive to their duties, the assault could have been prevented," are inadequate to maintain a valid state claim.

Warden DeLoach is immune from Mr. Gee's state claims by virtue of state agent immunity. The test for determining state agent immunity is stated in the Alabama Supreme Court's decision in Ex parte Cranman, 792 So.2d 392, 405 (2000) (adopted in Ex parte Butts, 775 So.2d 173, 177-78 (2000). Cranman speaks directly to the issue of state agent immunity as it applies to ADOC wardens when they administer the daily operations of their assigned institutions. Under Cranman, Warden DeLoach *shall* be immune from civil liability in his individual capacity when the claim against him is based upon his *formulating plans, policies, or designs*; or *exercising his judgment in the administration of a department or agency of government, including, allocating resources*, and *hiring, firing, transferring, assigning, or supervising personnel*. (emphasis added) Warden DeLoach's duties fall under the first and second prongs of

10

Cranman. Warden DeLoach would not be immune from civil liability in his personal capacity if Mr. Gee could show that Warden DeLoach acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law. Id. (emphasis added) Mr. Gee has presented no evidence that would show Warden DeLoach acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law. Therefore, Warden DeLoach is immune from state law claims pursuant to state agent immunity.

## CONCLUSION

Based on the foregoing, the Defendant, **Warden DeLoach**, respectfully requests that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendant.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047


s/ *J. Matt Bledsoe*_____
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7443

11

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 31st day of May, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Mr. Anthony Gee, #227493
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017


        s/ *J. Matt Bledsoe*_____
        J. Matt Bledsoe (BLE 006)
        ASSISTANT ATTORNEY GENERAL