IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY GEE, #227493 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv262-WKW |
| ) | |
| JAMES H. DELOACH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Anthony Gee ["Gee"], a state inmate, asserts that his constitutional rights were violated because Correctional Officer Ricky Woods failed to protect him from an attack by another inmate while he was incarcerated at Draper Correctional Facility.  In his original complaint Gee named Warden James DeLoach and Correctional Officer Ricky Woods as defendants.  He seeks monetary damages and injunctive relief.

Pursuant to the orders of this court, DeLoach, the only properly served defendant, filed a special report and supporting evidentiary materials refuting the plaintiff's claims for relief.  On June 1, 2006, the court entered an order requiring the plaintiff to file a response to the special report.  In that order, the court explained to the plaintiff in great detail his responsibilities and set a deadline for the plaintiff's response of June 22, 2006.  *See Order of June 1, 2006 – Doc. # 20*.  The plaintiff was advised that his failure to respond to the

court's order would result in the Magistrate Judge recommending that his case be dismissed as an abandonment of the claims set forth in his complaint.

Although Gee was provided an opportunity to respond to the special report, he has failed to do so. In accordance with the orders entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment. *See Order of March 27, 2006 – Doc. # 4*. Thus, this case is now pending on the defendant's motion for summary judgment. Upon consideration of the motion, pleadings, responses and evidentiary material filed in support of the motion, the court concludes the defendants' motion for summary judgment is due to be granted.

## II.  FACTS AND ALLEGATIONS

On November 27, 2004, while patrolling the upstairs #5 cell at the Draper Correctional Facility, Correctional Officer Woods observed Gee and inmate Trevoris Sumler wrestling. After ordering the inmates to stop, Woods verbally reprimanded the inmates and ordered them to the shift commander's office. The shift commander also reprimanded the inmates and then sent them back to upstairs cell # 5.

When they returned to upstairs cell #5, Woods directed Gee and Sumler to clean up the cell. Shortly thereafter, Woods saw Gee run from the cell with blood on his shirt and his hand on his mouth. Woods escorted Gee to the shift commander's office where Gee reported that inmate Raheem Fikes had attacked him with a razor blade. Gee suffered a lacerated lip and cut on his shoulder which necessitated staples.

Gee complains that "[t]he actions of Defendants DeLoach and Woods in failing to

take reasonable measures to protect the Plaintiff from assault by other inmates and their failure to act reasonably in response to such danger, when they knew of and disregarded an excessive risk to the Plaintiff's health and safety, constitute Deliberate Indifference in violation of the Eighth (8th) Amendment of the United States Constitution." (Compl. at 8-9).

DeLoach denies that he acted with deliberate indifference to Gee's safety. In support of this assertion, DeLoach maintains that he had no knowledge of any immediate risk of danger to Gee because he had no reason to know or suspect that Fikes would attack Gee.

### III. LACK OF SERVICE ON RICKY WOODS

In his complaint, Gee names Ricky Woods as a defendant. Although the court attempted service on Woods, service was not perfected on this individual. The court entered an order informing Gee of the failure to perfect service on Woods, advising him of his responsibility to provide the court with a correct address for service, and cautioning him that the failure to perfect service would result in the dismissal of his claims against any defendant on whom service was not perfected. *See Order of April 4, 2006 – Court Doc. # 6*. On December 12, 2006, the court entered an order directing the plaintiff to show cause why his claims against Woods should not be dismissed for his failure to serve the summons and complaint on this defendant. *See Order of December 12, 2006 – Court Doc. # 27*. In response to the court's show cause order, Gee asserts that Woods should not be dismissed because he was present on the day of the incident; Gee does not address his failure to serve Woods with the summons and complaint in this action. *See Pl's Response – Doc. # 28*.

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f service of the summons

and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice.... [I]f the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." When a plaintiff fails to perfect service of process within the 120-day period, dismissal is mandatory unless the plaintiff can show good cause or establish sufficient grounds for an extension of this time period. *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991) (interpreting the 120-day period as it appeared in Rule 4(j), *Federal Rules of Civil Procedure*, the predecessor to Rule 4(m), *Federal Rules of Civil Procedure*); *In re Cooper,* 971 F.2d 640, 641 (11th Cir.1992) (Absent a showing of good cause, a district court has no discretion to salvage an action in the event of a violation of Rule 4(m)); *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir.2005) (A court may grant an extension to serve process for either "good cause" or another sufficient ground). "[C]ourts have found 'good cause' under Rule 4[m] only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991).

The time allowed for perfecting service of process on Ricky Woods expired on July 20, 2006. After being given an opportunity, Gee failed to allege the existence of good cause warranting an extension of the time for service. Consequently, Gee's claims against Ricky Woods are subject to dismissal without prejudice as service has not been perfected on Woods within the 120-day period required by Rule 4(m).

## IV.  STANDARD OF REVIEW

To survive the properly supported motion for summary judgment filed by the defendant DeLoach, Gee is required to produce some evidence which would be admissible at trial supporting his constitutional claims.  Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.  *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990).  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).  Thus, when a plaintiff fails to make a showing adequate to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999);

*Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-1585 (11th Cir. 1996). Summary judgment is therefore appropriate when the pleadings, admissible evidentiary materials and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), *Federal Rules of Civil Procedure*; *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Gee has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment.

## V. DISCUSSION

Gee asserts that the defendant acted with deliberate indifference to his safety by failing to protect him from an attack by Fikes. To prevail in a suit based on an alleged failure to protect, an inmate must show at a minimum that prison officials acted with deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Marsh v. Butler Co.*, 268 F.3d 1014, 1028 (11th Cir. 2001); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985). A corrections official may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's health or safety when the official knows that the inmate faces a substantial risk of serious harm and, by failing to take reasonable measures to abate it, disregards that risk. *Farmer v. Brennan*, 511 U.S. 825 (1994).

Warden James DeLoach is the sole remaining defendant in this action. Supervisory personnel cannot be held liable under § 1983 for the actions of their subordinates under a theory of respondeat superior. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). However, liability may be imposed if the plaintiff shows that the defendant either personally participated in the alleged constitutional violation or instigated or adopted a policy that violated the plaintiff's constitutional rights. *See Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1192 (11th Cir. 1994), *abrogated on other grounds Hope v. Pelzer*, 536 U.S. 730 (2002).

> [Supervisory] liability under section 1983 must be based on something more than a theory of respondeat superior. Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. *Cross v. Alabama Dep't. of Mental Health & Mental Retardation*, 49 F.3d 1490, 1508 (11th Cir. 1995) (quoting *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir. 1990)); *accord Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) ([A] supervisor may be held liable under section 1983 if the supervisor had personal involvement in the constitutional deprivation or if a sufficient causal connection exists between the supervisors conduct and the constitutional violation.).

*Dolihite v. Maughon*, 74 F.3d 1027, 1052 (11th Cir. 1996).

Gee does not assert that DeLoach knew about Fikes' intent to assault him, nor does he allege that this defendant had a policy of allowing inmates to assault each other. Rather, Gee alleges that the Warden reasonably should have known that there were insufficient guards on duty to protect inmates from assaults by other inmates. Gee does not allege that

there is a pattern of assaults by inmates against other inmates. The record is completely devoid of any evidence that DeLoach had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Gee, that DeLoach actually drew this inference and thereafter ignored this risk. Gee has come forward with no evidence showing that, before the attack occurred, DeLoach was aware of any problems between Gee and Fikes. In fact, the incident report in this case indicates that Gee himself did not know why Fikes attacked him. Gee's unsworn general allegations about a "dangerous situation . . . an unsupervised overcrowded dormitory" are insufficient to bring his claims within the ambit of the type of preexisting, substantial risk of harm situations sufficient to put an official on notice of the need to alleviate the condition. *See Marsh v. Butler County*, 268 F.3d 1014 (11th Cir. 2001). A mere failure to anticipate is insufficient to tie the Warden to the assault against Gee. Thus, Gee has failed to establish that DeLoach acted with deliberate indifference to his safety by failing to protect him from an assault by Fikes. Accordingly, the motion for summary judgment with respect to Gee's claims against Warden DeLoach is due be granted. There is no evidence from which a reasonable fact-finder could conclude that the defendant was aware that Fikes posed a risk of harm to Gee or that he ignored any risk.

### VI. STATE LAW CLAIM

Having determined that the defendant is entitled to summary judgment on Gee's constitutional claims, the court declines to exercise supplemental jurisdiction of the plaintiff's state law claims of negligence pursuant to 28 U.S.C. § 1367. These claims will

be dismissed without prejudice.

## VII.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Ricky Woods be dismissed without prejudice for lack of service in accordance with the provisions of Rule 4(m), *Federal Rules of Civil Procedure*.

2. The motion for summary judgment filed by defendant DeLoach be granted.

3. The plaintiff's constitutional claims against defendant DeLoach be dismissed with prejudice.

4. The plaintiff's state law claims of negligence against DeLoach be dismissed without prejudice.

5. Judgment be entered in favor of defendant DeLoach.

6. The costs of this proceeding be taxed against the plaintiff.

7. This case be dismissed.

It is further

ORDERED that on or before **July 23, 2007**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this 10th day of July, 2007.

                                                                             /s/Charles S. Coody
                                              CHARLES S. COODY
                                              CHIEF UNITED STATES MAGISTRATE JUDGE